IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ORIGINAL

| | | |
|---|---|---|
| NCS Pearson, Inc., | ) | |
| Plaintiff, | ) | Civil Action No.: 01-CV-386 JMR/SRN |
| | ) | |
| vs. | ) | |
| | ) | |
| Measured Progress, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

1. This Order shall apply to all information, documents and things subject to discovery in this action which are conveyed by any party or third party (hereinafter termed "conveying party") to another party (hereinafter termed "receiving party") in this action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (hereinafter "discovery materials"), which are reasonably believed to contain trade secrets or other confidential and proprietary research, development, marketing, financial, business or commercial information of the conveying party (hereafter "CONFIDENTIAL MATTERS"), or which were received by the conveying party, from a third party, under an obligation of confidentiality. It is expressly contemplated that third party witnesses may invoke all provisions of this Order which are available to a conveying party, and that the parties will treat all CONFIDENTIAL MATTERS of third party witnesses, which information is designated in writing by the third party as such, in accordance with the terms of this Order. The term CONFIDENTIAL MATERIALS as used herein is intended to be generic,

FILED JUL 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and specific documents and things containing CONFIDENTIAL MATERIALS may be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as specified hereafter.

2. Each conveying party shall designate documents and things produced by it and answers to interrogatories and responses to other discovery demands deemed as CONFIDENTIAL MATERIALS with the following appropriate designation:

CONFIDENTIAL

OR

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Said identifying need not be made with respect to documents and things, until copies of said documents or things are requested after inspection and selection by the receiving party's counsel.

3. Making documents and things available for inspection shall not constitute a waiver by the conveying party of any claim of confidentiality, but delivery of documents and things to the receiving party without the identification specified in paragraph 2 shall constitute a waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the conveying party and such inadvertent or mistaken delivery is thereafter, within ten (10) days of the time the conveying party discovers the mistaken or inadvertent disclosure, brought to the attention of the receiving party. Upon such notice, and upon receipt of properly marked documents, the receiving party shall return said unmarked documents and things and not retain unmarked copies thereof and shall thereafter treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL MATERIALS.

4. (a) CONFIDENTIAL MATERIALS designated as CONFIDENTIAL shall be made available only to and inspected only by (i) outside counsel of record (including stenographic, clerical and paralegal employees of outside counsel) and outside companies engaged by them such as independent copying companies, temporary services, computer graphics companies, professional photographers and/or photographic studios; (ii) outside experts or consultants (in accordance with the provisions of paragraph 5); and (iii) no more than two designated representatives of the Plaintiff and the Defendant as identified in paragraph 4(b). Each person other than outside counsel of record must execute an undertaking of the form attached as Exhibit A before being given access to CONFIDENTIAL MATERIALS.

(b) The representatives of NCS Pearson pursuant to 4(a)(iv) are Gary Mainor and Andrew Coffey. The representatives of Measured Progress are Richard Rizzo and Peter Hofman.

(c) The persons designated pursuant to paragraph 4(b) as to CONFIDENTIAL MATERIALS which they are entitled to access shall:

(i) shall not be permitted any access to any CONFIDENTIAL MATERIALS designated CONFIDENTIAL – ATTORNEYS' EYES ONLY; and

(ii) to the extent that such individual takes any notes during any portion of a deposition, hearing or trial at which such individual is permitted to attend and which is designated as CONFIDENTIAL by the other party pursuant to paragraph 14, such notes shall be treated as CONFIDENTIAL and subject to the terms of this Order.

(d) Only those persons defined in paragraph 4(a)(i) and 4(a)(ii) shall have access to CONFIDENTIAL MATERIALS designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

5. Outside experts or consultants of the parties, including their stenographic and clerical personnel, whose advice and consultation are being or will be used by the parties in connection with preparing for depositions or for trial of this action, including any motions in this action, may have access to information designated as CONFIDENTIAL MATERIALS provided that the disclosure of such CONFIDENTIAL MATERIALS to such outside experts or consultants shall be made only on condition that each such expert or consultant first sign a undertaking in the form of Exhibit A attached hereto. Prior to the disclosure of any information designated as CONFIDENTIAL MATERIALS to any such expert or consultant, a copy of each signed undertaking and a detailed resume describing the background of each such person shall be provided to opposing counsel, who shall have ten (10) business days from the date of receipt of such notification to object to the disclosure of CONFIDENTIAL MATERIALS to the expert or consultant who signed the undertaking or move for a protective order. No information designated as CONFIDENTIAL MATERIALS shall be disclosed to such experts or consultants during the ten (10) day period for objection, or pending the resolution of any objection raised regarding the disclosure of CONFIDENTIAL MATERIALS to such experts or consultants.

6. Copies of CONFIDENTIAL MATERIALS bearing either identification specified in paragraph 2, and their contents, shall not be disclosed or made public by counsel or authorized personnel to whom they are disclosed, unless they become part of the public record of this action other than through conduct in breach of this Order, and shall not be disclosed to anyone other than this Court and the persons entitled to access to CONFIDENTIAL MATERIALS under this Order. Unless otherwise agreed to by the parties, the receiving party shall not use CONFIDENTIAL MATERIALS for any purpose other than for use in this action. To the extent it is necessary to file CONFIDENTIAL MATERIALS with the court in connection with

proceedings in this action, they shall be filed with the Clerk of Court in sealed envelopes prominently marked with the caption of the case and the notation:

CONTAINS CONFIDENTIAL INFORMATION SUBJECT

TO A PROTECTIVE ORDER.

TO BE OPENED ONLY BY OR AS ORDERED BY THE COURT.

7. The following may be designated by a producing party as CONFIDENTIAL – ATTORNEYS' EYES ONLY:

(a) any materials containing financial information including, but not limited to, sales and profits/loss data;

(b) any materials containing financial arrangements with third party suppliers; or prices and other cost information;

(c) any materials reflecting operating or fixed costs;

(d) any materials containing information regarding products not yet for sale or otherwise publicly disclosed;

(e) any materials containing marketing, business, or advertising plans, reports, forecasts, and strategy reports; and

(f) highly competitive sensitive technical or business information having current value, the disclosure of which to a competitor could cause serious and irreparable injury to the disclosing party.

8. CONFIDENTIAL MATERIALS may be used in motion papers in testimony at any motion hearing, and may be offered in evidence at any motion hearing, all subject to paragraphs 4, 5, 6 and 7 hereof and to any order regarding confidentiality as this Court may enter, and may be used to prepare for discovery or to conduct discovery (including depositions

and including the disclosure to a witness at a deposition who is an author or copy recipient of a document containing CONFIDENTIAL MATERIALS, or who is an employee or representative of the party providing CONFIDENTIAL MATERIALS but is not otherwise authorized to receive such disclosure under this Order), and to support or oppose any motion, all subject to the provisions of this Order.

9. The acceptance of a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. If a party to whom material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is produced wishes to challenge the designation made by the producing party, the party making the challenge can do so by writing to counsel for the producing party, identifying the material being challenged, and setting forth the grounds for the challenge. If the producing party fails to respond or if the parties fail to resolve their disagreement as to the designation of materials within ten (10) days, then the challenging party may move the Court to enter an order that the material shall not be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. Until the Court rules, material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall retain its CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY status and shall be treated accordingly.

10. This Order shall not prevent either of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for protective orders, or from agreeing between themselves to modification of this Order, subject to the approval of the Court.

11. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by the receiving party, (iii) was

already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession thereof, without restrictions.

12. Regardless of the provisions of paragraph 11, any document produced as containing CONFIDENTIAL MATERIALS shall be treated as confidential unless the confidentiality designation is removed in accordance with the other provisions of this Order.

13. After final termination of this action, each receiving party shall either return all CONFIDENTIAL MATERIALS of the conveying party in its or their possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing include or reflect receiving counsel's work product) to counsel for the conveying party or shall certify under oath the destruction thereof, except that outside counsel for each party, and only said outside counsel, may, if they so elect, retain one copy of each deposition or trial transcript, one copy of each deposition or trial exhibit and one copy of each item containing information designated CONFIDENTIAL MATERIALS filed with the Court pursuant to this Order.

14. If counsel for a conveying party believes that questions put to a witness in a pretrial deposition will disclose information constituting CONFIDENTIAL MATERIALS, or that the answer to any question or questions require such disclosure, or if documents to be used

as exhibits during the examination constitute such materials, such counsel may so notify opposing counsel, and the portion of the deposition of such witness containing such materials shall be designated by counsel for the producing party as "Confidential," and shall thereafter until the designation is removed, be taken in the presence only of persons entitled to have access to CONFIDENTIAL MATERIALS designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be, under this Order and, specifically subject to the provisions of paragraphs 4 and 7, the witness and the reporter. Such documents, to the extent that they are or contain CONFIDENTIAL MATERIALS shall be exhibited only to the persons entitled to have access to CONFIDENTIAL MATERIALS under this Order, and to the reporter. However, nothing in the paragraph shall be construed to prohibit a party from permitting others of its choice, such as its in-house counsel or employees, to be present during discussions of its own CONFIDENTIAL MATERIALS. Portions of deposition transcripts and exhibits which are designated CONFIDENTIAL shall be placed in a separate volume(s) appropriately marked as to the specific designation of the CONFIDENTIAL MATERIALS contained therein.

15. In the case of depositions upon oral examination of employees or agents, former employees or agents, or consultants or experts of either party, the entire testimony of the witness shall be treated as CONFIDENTIAL MATERIALS for a period of ten (10) business days after the receipt of the transcript of the deposition by counsel for conveying party. If counsel for either party believes that the deposition transcripts or portions thereof not so designated during the deposition contain CONFIDENTIAL MATERIALS, counsel shall designate in writing to opposing counsel within that ten (10) day period the specific pages and lines constituting such CONFIDENTIAL MATERIALS. Unless so designated at the deposition or in writing as noted

above, any confidentiality is waived after the expiration of said ten (10) day period unless otherwise stipulated or ordered.

16. No copy of any deposition transcript taken by either party which is designated in part or in whole as containing CONFIDENTIAL MATERIALS in accordance with paragraph 14 above shall be furnished by the reporter to any person other than outside counsel and the witness.

17. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Order, the parties may agree to allow such access or any party may move the Court for an Order that such person be given access thereto. In the event that an agreement is reached or the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

18. This Order shall survive the final termination of this action with respect to any retained CONFIDENTIAL MATERIALS.

19. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on CONFIDENTIAL MATERIALS; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not specifically or generally disclose any item or information designated as CONFIDENTIAL MATERIALS to people other than those permitted to receive such information pursuant to paragraph 4.

20. Nothing in this Order shall be deemed to prohibit disclosure of any document designated CONFIDENTIAL MATERIALS to such persons as appear on the face of the document to be its author or recipient, provided that any marginalia which such persons may not

have seen is redacted. Nothing in this Order shall constitute a waiver of a party's right to object to the production of discoverable materials or to demand more stringent restrictions upon the treatment and disclosure of any discovery materials on the ground that it contains particularly sensitive information. Nothing in this Order shall limit or affect the right of a party to disclose or to authorize disclosure of discovery materials produced by that party. Any party may apply to the Court for modification of this Order at any time.

21. Neither the termination of this action nor the termination of employment of any person who had access to any CONFIDENTIAL MATERIALS shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

22. Either party may apply to the Court for protection of its CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials at trial.

Dated: July 24, 2001

AGREED TO:

Plaintiff NCS Pearson, Inc.

By its Attorneys,

**MERCHANT & GOULD**

Dated: July 24, 2001

By [signature]

Albert L. Underhill (27403)
80 South Eighth Street
3200 IDS Center
Minneapolis, MN 55402
(612) 332-5300

**ATTORNEYS FOR PLAINTIFF NCS PEARSON, INC.**

and

**FISH & RICHARDSON P.C., P.A.**

Dated: 7/24/01

By [signature]

Michael J. Kane (247625)
Greg McAllister (295759)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070

**ATTORNEYS FOR DEFENDANT MEASURED PROGRESS, INC.**

Of Counsel:

Robert E. Hillman
Michael E. Zeliger
Fish & Richardson, P.C.
225 Franklin Street
Boston, MA 02110-2804
(617)542-5070

Dated: July 27, 2001

IT IS SO ORDERED:

Susan Richard Nelson

Susan Richard Nelson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NCS Pearson, Inc., Plaintiff, vs. Measured Progress, Inc., Defendant. | Civil Action No.: 01-CV-386 JMR/SRN |

## UNDERTAKING

1. I have read a copy of the Stipulated Protective Order dated __________, 2001 ("the Order") entered in the above-identified lawsuit and I understand that I am bound by its terms.

2. I hereby agree under penalty of contempt of court that I shall not disclose or use the contents of any material designated as CONFIDENTIAL pursuant to that Order except in accordance with the terms thereof.

3. I hereby agree and submit to the exercise of personal jurisdiction by the United States District Court for the District of Minnesota insofar as is necessary to enforce the Order.

Dated:____________________

______________________________
Print Name: ______________________

Print Title: ______________________

Print Company: ______________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500